# United States Court of Appeals
#### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 12-7010**                       **September Term, 2012**

FILED ON: DECEMBER 4, 2012

IN THE MATTER OF: W.A.R. LLP,

WADE ROBERTSON, CREDITOR AND W.A.R. LLP,
      APPELLANTS

v.

WILLIAM C. CARTINHOUR, JR.,
      APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:11-cv-01574)

---

Before: SENTELLE, *Chief Judge*, and GRIFFITH and KAVANAUGH, *Circuit Judges*

### **J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs submitted by the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

    **ORDERED** and **ADJUDGED** that the District Court's judgment of January 27, 2012 be **AFFIRMED**.

    The bankruptcy of W.A.R., LLP, has spawned much litigation. In this appeal, W.A.R. and partner Wade A. Robertson contend that W.A.R. held four types of property interests that should have been included as part of its bankruptcy estate. Only one of those claims was asserted in both the Bankruptcy Court and the District Court – the assertion by W.A.R. and Robertson of an equitable interest in money held by the District Court in a related civil case. Therefore, that is the only claim properly before us. W.A.R. and Robertson argue that Robertson held those funds on behalf of the partnership, not for himself. But the District Court here concluded that Robertson acquired that money through two promissory notes in his name and lost most of it trading securities for his own benefit. The District Court thus concluded that the money

belonged to Robertson and was properly excluded from the bankruptcy estate. We find no reversible error in the District Court's determination.

W.A.R. and Robertson also argue that the District Court considering the related civil case violated the Bankruptcy Court's automatic stay by releasing money held in its registry to Cartinhour after he won a substantial judgment against Robertson. But the Bankruptcy Court modified the stay to expressly permit the District Court case to proceed as it did. The District Court therefore did not violate the stay.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Jennifer M. Clark
Deputy Clerk